IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02431-LTB-BNB

NABEEL FAIZI,

       Plaintiff,

v.

EXPO DESIGN CENTER, a Division of Home Depot,
HOME DEPOT USA,

       Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

       Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the agreement of the Parties,

       IT IS ORDERED THAT:

       A.    Material Covered

       1.    The documents and information to which this Protective Order applies are: those documents containing confidential personnel information, confidential notes, and confidential financial and business information which will be produced by defendant to plaintiff, pursuant to Rule 26(a)(1) disclosures and in response to plaintiff's discovery requests in this case, and which defendant's counsel shall clearly mark or designate as "Confidential"; and live, recorded and/or transcribed deposition testimony of any witness that refers to any of the information contained in documents designated "Confidential." Additionally, this Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced



(including any medical records), answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). Information designated "Confidential" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiff and/or current or former employees of Defendant as well as financial and proprietary business information of Defendant.

B.   Persons to Whom Confidential Documents May Be Disclosed

1.   During the course of litigation, either party may seek to have other Discovery Materials classified as "Confidential." Any party may designate as "Confidential" any Discovery Materials produced if it/he in good faith believes that the Discovery Material contains confidential business information, proprietary information and/or trade secrets relating to its business. Each page of any document designated "Confidential" will be stamped as such by the producing party. Testimony generated from information designated as "Confidential" will be identified as such either by a statement on the record or stamping as "Confidential" documents or selected pages of documents containing such testimony. Discovery Materials so designated are referred to herein as "Confidential Materials." If either party, solely through inadvertence, does not designate certain Discovery Material as "Confidential," but thereafter determines that such Discovery Material should have been so designated, it shall provide written notice of the designation thereof as "Confidential" and to the extent practicable the Discovery Material will be treated as Confidential Material from the date of receipt of such notice. Likewise, if a party designates certain Discovery Material as "Confidential" and later determines that such Discovery

Material should not have been so designated, it shall provide written notice of the removal of the designation along with a duplicate copy of the Discovery Material without the "Confidential" marking.

    2. All Confidential Material and any portion thereof, including copies thereof, information contained therein and any abstracts, extracts, indices, summaries, charts, notes or other information derived therefrom, shall be deemed confidential, shall be used solely for the purposes of preparation, trial, appeals or settlement of this Action, and shall not be disclosed, given, shown, made available, discussed or otherwise communicated in any way to anyone other than: (a) the Court and Court personnel, (b) the parties' counsel in this Action, (c) stenographic reporters, (d) the named parties to this lawsuit, (e) any of the current or former officers, directors or employees of the parties who are needed to assist their counsel in this Action, (f) any expert or consultant retained by the parties' counsel in connection with this Action, (g) witnesses at, and in preparation for, deposition, trial or hearing herein, and (h) outside vendors who perform microfiching, photocopying or similar clerical functions ("Outside Vendors"). Confidential Material may not be disclosed to any other person or entity without the prior written consent of the designating party or further order of the Court. Any disclosure should be only to the extent reasonably necessary to effective prosecution and defense of the parties' claims in this Action, and for no other purpose.

    C.    Conditions of Disclosure

    1. Prior to disclosing any Confidential Material to any person listed above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a

written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the court if good cause for review is demonstrated by opposing counsel.

2. No person receiving any of the documents, information, or deposition testimony to which this Protective Order applies shall disclose any such documents, information, or deposition testimony to any person other than those identified in Paragraph B.2, herein, and then only in accordance with the terms of this paragraph. This Protective Order not only prohibits disclosure or production of documents, information, and deposition testimony subject hereto, but also prohibits the discussion of such documents, information, or deposition testimony with any person not specifically authorized to be privy to such information, as described in Paragraph B.2, herein.

D. Protecting Confidential Information at Depositions

1. If, during the course of any deposition, counsel asserts that an answer to a specific inquiry will make reference to any Confidential Material or any information contained therein, said inquiry may be answered only in the presence of the persons specified in Paragraph B.2.

2. If any Confidential Material is marked as an exhibit in a deposition, or during a hearing herein, and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, or hearing, counsel for the parties shall advise the reporter taking and transcribing the testimony at such deposition or hearing of the portions of such testimony that refer to Confidential Material, and the exhibit itself, as well as the portions of the transcript

4

containing such disclosure, shall be marked "Confidential" and shall be deemed Confidential Material. To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record for the parties herein, and, if so requested by such counsel, the witness and/or the witness' counsel.

    E.    Challenging a Confidential Designation

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

    F.    Non-Party Subpoenas

If any party receives a request or subpoena from any non-party to this Stipulated

Protective Order seeking production or disclosure of Confidential Material, that party (the "Subpoenaed Party") shall give notice, as soon as practicable and in no event more than five business days after receiving the subpoena to counsel for the other party, which notice shall identify the documents or information sought and enclose a copy of the request or subpoena. The Subpoenaed Party shall not produce or disclose any of the designated documents or information for a period of five business days, if possible without violating the subpoena, after providing such notice to other party. and in no event shall such production or disclosure be made before such notice is given. If, within five business days of receiving such notice, the party objects to such production or disclosure, the Subpoenaed Party shall cooperate reasonably with the party in seeking to quash the request or subpoena and shall not make such production or disclosure except pursuant to a Court order requiring compliance.

    G.   <u>No Restrictions</u>

Nothing in this Stipulated Protective Order shall (a) restrict either parties' rights with respect to its/his own documents or information, (b) restrict either parties' rights with regard to Discovery Materials that have not been designated as Confidential, (c) prejudice either parties' rights to object to the production or disclosure of documents or other information that it considers not subject to discovery, or (d) prejudice either parties' right to seek, either by agreement or by application to the Court, greater protection than that provided herein.

    H.   <u>Return of Confidential Materials</u>

Unless otherwise agreed by the parties or ordered by the Court, this Stipulated Protective Order. as well as the agreements and undertakings set forth in any declaration executed pursuant to Paragraph C. I, shall remain in full force and effect upon the termination of

6

this action. At the conclusion of this action, each counsel shall return all Confidential Material to opposing counsel within thirty (30) days of receipt of a written request to do so.

    I.    Right to Seek Modification

Nothing in this Stipulated Protective Order shall be deemed to preclude any party from obtaining an order modifying the terms of this Stipulated Protective Order or establishing additional protection with respect to the confidentiality of any discovery material. The failure to obtain an agreement from all other counsel or a court order designating any document as "Confidential" shall not and does not constitute a waiver of any right to later designate at any time such document as "Confidential," or of any privilege which may or should apply to such document.

    J.    Binding Effect

The provisions of this Stipulated Protective Order shall continue to be binding after the conclusion of the Action, including any appeals, and this Court shall retain jurisdiction after such conclusion to enforce or to modify these provisions.

    K.    Additional Parties to Lawsuit

In the event that other parties may be added to this Action, no Confidential Material previously exchanged, produced or used herein shall be disclosed to such additional parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order.

7

Dated: _____, 2005.

| | |
|---|---|
| Timothy L. Nemechek<br>Cairns Nemechek & Magruder, LLC<br>8055 E. Tufts Ave., Suite 101<br>Denver, CO 80237<br>Telephone: 303-414-2203<br>Facsimile: 303-414-2201 | Daniel E. Friesen<br>Christine K. Lamb<br>Shannon M. Henderson<br>Hale Friesen, LLP<br>1430 Wynkoop St., Suite 300<br>Denver, CO 80202<br>Telephone: 720-904-6000<br>Facsimile: 720-904-6006 |
| Attorneys for Plaintiff Nabeel Faizi | Attorneys for Defendant Expo Design Center |

IT IS SO ORDERED        By: /s/ Boyd Boland

Dated: November 3, 2005

**BOYD N. BOLAND**
**United States Magistrate Judge**

8