IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 04-cv-02431-LTB-PAC

NABEEL FAIZI,

    Plaintiff,

v.

EXPO DESIGN CENTER, a Division of Home Depot, and HOME DEPOT USA,

    Defendants.

_____

ORDER
_____

By order of February 23, 2006, I awarded summary judgment to the defendant, Expo Design Center ("Expo"), a subsidiary of the defendant Home Depot USA ("Home Depot") on all of the claims of the plaintiff, Nabeel Faizi. Expo moves for an award of attorney fees pursuant to 28 U.S.C. § 1927 and Title VII of the Civil Rights Act of 1964. The motion is adequately briefed and oral argument would not materially aid its resolution.

Mr. Faizi here asserted claims against Expo for race-based harassment, national origin discrimination, retaliation, age discrimination, breach of contract, promissory estoppel, intentional infliction of emotional distress, and breach of implied contract. At the conclusion of discovery it became apparent that several of these claims lacked factual basis. On October 25, 2005, Expo's counsel wrote to Mr. Faizi's counsel suggesting voluntary dismissal of all but the national origin discrimination claim, communicating Expo's intention to move for summary judgment on all claims, and expressing Expo's intention to seek attorney fees if Mr. Faizi did not dismiss the

designated claims himself.  Mr. Faizi did nothing and Expo prepared a summary judgment motion, which it filed on December 30, 2005.

On January 24, 2006, Mr. Faizi dismissed his retaliation and age discrimination claims.  He opposed Expo's motion for summary judgment on his other claims and moved for summary judgment in his own favor on his contract and estoppel claims.  The parties briefed the cross motions and assembled a record sufficient to explicate the facts of the case.

As I pointed out in my February 23, 2006 order, Mr. Faizi established a *prima facie* case of Title VII discrimination.  I dismissed Mr. Faizi's discrimination claim after determining that no evidence of pretext appeared to rebut Expo's legitimate, nondiscriminatory justification for Mr. Faizi's termination.  Though Mr. Faizi failed to provide any evidence raising a genuine fact question on his other claims, his claims arose out of a common nucleus of operative facts, and litigation of his various theories did not unreasonably compound Expo's efforts.

I am not unsympathetic to Expo's request.  Though Mr. Faizi acted properly by litigating his claims throughout the discovery process, the record on summary judgment demonstrated that all but his national-origin discrimination claim lacked any evidentiary foundation.  Expo extended to Mr. Faizi the opportunity to dismiss his unfounded claims before it incurred the expense of preparing a summary judgment motion and opposing Mr. Faizi's motion.  However, the attorney fee provisions cited have no application here.

Expo points out that Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k), permits an award of attorney fees where a claimant continues to litigate after it is established that his claims lack factual grounds.  *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).  However, Mr. Faizi

demonstrated a prima *facie case* of Title VII discrimination.  The litigation of his other claims might have increased the cost of litigation, but not to such a great extent as to warrant a fee award.  *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1153 (10th Cir. 2002).

Expo points to 28 U.S.C. § 1927, which provides,

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This case does not come within the extreme category of frivolous and abusive litigation that warrants a fee award against plaintiff's counsel.  Though Mr. Faizi could have narrowed the focus of this litigation by shedding unlikely theories of recovery, he did not by pressing alternative theories so multiply the proceedings as to evidence a "serious and standard disregard for the orderly process of justice."  *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

Accordingly, it is ORDERED that Expo's motion for attorney fees is DENIED.

Dated: May   1  , 2006, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Chief Judge